10-925-ag
Haxhija v. Holder

BIA
A073 583 096

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of May, two thousand twelve.

PRESENT:

ROSEMARY S. POOLER,
PETER W. HALL,
GERARD E. LYNCH,
     *Circuit Judges.*

_____

SHAQE HAXHIJA
     *Petitioner,*

v.                                          10-925-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:          Joshua E. Bardavid, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Matt A. Crapo,

**Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Shaqe Haxhija, a native of the former Yugoslavia and citizen of Kosovo, seeks review of a February 19, 2010, order of the BIA denying his motion to reopen. *In re Shaqe Haxhija*, No. A073 583 096 (B.I.A. Feb. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We lack jurisdiction to consider Haxhija's challenge to the BIA's denial of reopening. Haxhija argues only that the BIA abused its discretion in declining to exercise its *sua sponte* authority to reopen his proceedings. The BIA's determination as to whether it will exercise its *sua sponte* authority is "entirely discretionary and therefore beyond our review." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although remand is appropriate "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought,

incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there is no indication here that the BIA misperceived the law in declining to reopen proceedings *sua sponte*. There is no suggestion that the BIA denied Haxhija's motion based on his failure to demonstrate prima facie eligibility for adjustment of status; rather, the BIA determined that Haxhija had not shown an "exceptional situation" that would warrant reopening his proceedings *sua sponte* and therefore simply declined to exercise its authority to do so.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3